The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This official Attorney General opinion is rendered in response to several questions you have presented concerning family recreation centers.
You have asked:
 (1) If a business allows pool for hire and video games, what factor would cause it to be designated as a "family recreation center" rather than a "pool hall?
 (2) If a business allows pool for hire and video games, and does not limit the age of its customers to 18 years and older, does it have to close between the hours of midnight and 8:00 a.m.?
 (3) If the response to Question 2 is affirmative, would it make any difference if the primary concern of the business is the sale of pool tables, equipment, and food service, and that pool tale rental and video games only account for 27% of the gross sales of the business, even though over 50% of the time of the business is devoted to pool rental and video games?
 (4) Under A.C.A. § 5-27-226, does a "family recreation center" have to have pocket billiard, snooker, miniature billiards, ping pong, table tennis shuffle board and other forms of "wholesome entertainment" (including licensed coin-operated amusement machines and similar devices), or can it be a family recreation center if it only has licensed coin-operated amusement machines or similar devices?
 (5) Can a business that allows pool for hire and video games designate itself as a "family recreation center" and cater to minors by closing at midnight, or can it designate itself as a "pool hall" by staying open all night and not allowing customers under the age of 18?
RESPONSE
Question 1 — If a business allows pool for hire and video games, whatfactor would cause it to be designated as a "family recreation center"rather than a "pool hall?
It is my opinion that a business that allows pool for hire and video games is a "family recreation center" rather than a "pool hall" if it has all of the following characteristics:
 • It does not sell or serve on its premises any type of intoxicating beverages, or knowingly allow any type of intoxicating beverages to be consumed or served on its premises;
 • It does not knowingly allow any gambling or gambling devices upon its premises.
 • It does not have on its premises any type of coin-operated amusement machine or similar device unless such machine is licensed by the state, and its operation is legal under state law.
 • It is well-lighted and has sufficient front glass to allow any passing person to observe activities conducted within.
• It is not operated between the hours of 12:00 midnight and 8:00 A.M.
These are the characteristics that are outlined by A.C.A. § 5-27-226, which created the concept of "family recreation centers." That statute specifies that the "family recreational centers" described therein are something different from the "poolroom[s], pool hall[s], pool parlor[s], or billiard room[s]" referred to by other statutes. A.C.A. §5-27-226(f).
Question 2 — If a business allows pool for hire and video games, and doesnot limit the age of its customers to 18 years and older, does it have toclose between the hours of midnight and 8:00 a.m.?
It is my opinion that a business that allows pool for hire and video games, and does not limit the age of its customers to 18 years and older is not required by law to close between the hours of midnight and 8:00 a.m. However, that business will violate the provisions of A.C.A. §5-27-224 if it allows persons under the age of 18 to enter the establishment and play pool, video games, or any other game[1] unless it exhibits all of the characteristics of a "family recreation center," as described in A.C.A. § 5-27-226, including closing between the hours of midnight and 8:00 a.m.
A.C.A. § 5-27-224 states:
5-27-224. Permitting minors to frequent and play in poolrooms.
 (a) It shall be unlawful for the owner or keeper of any poolroom or pool hall or pool parlor or any employee of such owner or keeper to permit any person or persons under the age of eighteen (18) years to play pool, billiards, or any other game, or frequent or congregate in such poolroom or pool parlor or pool hall, or any department thereof.
A.C.A. § 5-27-224.
State law states no requirement that any place of business close between the hours of midnight and 8:00 a.m. However, because of the other strictures that the law imposes (such as those stated in A.C.A. §§5-27-224, -225, and -226), certain businesses will need to close during those hours (and will need to exhibit all of the other characteristics of "family recreation centers") simply as a practical matter in order to avoid violations of those strictures.
Question 3 — If the response to Question 2 is affirmative, would it makeany difference if the primary concern of the business is the sale of pooltables, equipment, and food service, and that pool tale rental and videogames only account for 27% of the gross sales of the business, eventhough over 50% of the time of the business is devoted to pool rental andvideo games?
The response to Question 2 is not affirmative; however, it should be noted that the percentage of a business's gross sales attributable to pool a video games is not dispositive of the question of whether that business is subject to the requirements of A.C.A. §§ 5-27-224, -225, and -226. The requirements of those sections are applicable, regardless of the primary concern of the business.
Question 4 — Under A.C.A. § 5-27-226, does a "family recreation center"have to have pocket billiard, snooker, miniature billiards, ping pong,table tennis shuffle board and other forms of "wholesome entertainment"(including licensed coin-operated amusement machines and similardevices), or can it be a family recreation center if it only has licensedcoin-operated amusement machines or similar devices?
It is my opinion that a recreation center can constitute a "family recreation center" within the meaning of A.C.A. § 5-27-226, even if it only has licensed coin-operated amusement machines or similar devices. I base this conclusion on the legislative purpose of the statute, as expressed in the emergency clause of Act 478 of 1967, which created the statute, and in the emergency clause of Act 526 of 1981, which amended the statute to address coin-operated amusement machines.
The emergency clause of Act 478 of 1967 stated:
 It is hereby found and determined by the General Assembly that under existing law a minor under the age of eighteen (18) must be accompanied by a parent or guardian if he wishes to play pool or billiards; that today the game of pool and billiards is a wholesome form of entertainment that furnishes many hours of pleasure and relaxation for thousands of persons of all ages in this State; that family recreation centers are today operated as recreational facilities; that the presence of minors in such establishments does not corrupt the morals of a minor or in any way contribute to the delinquency of such minors; and that in order to remove the unfounded stigma that is attached to minors playing pool or billiards, it is necessary that this act become effective immediately.
Acts 1967, No. 478, Emergency Clause.
The emergency clause of Act 526 of 1981 stated:
 It is hereby found and determined that clarification of the laws relative to the use of coin-operated amusement machines or other centers in this State is needed; that the presence of such machines in such centers would provide much-needed amusement to the young citizens of this State; and that such machines would generate additional revenues.
Acts 1981, No. 526, Emergency Clause.
Both emergency clauses quoted above indicate that the purpose of the statute was to provide minors with the opportunity to engage in harmless entertainment and amusement in a wholesome atmosphere. The statute did not appear to require the presence of particular games in order for that atmosphere to be constituted. Indeed, such a requirement would do nothing to further the goal indicated by the emergency clauses.
For these reasons, I conclude that a "family recreation center" within the meaning of A.C.A. § 5-27-226 can be constituted by a business that has only coin-operated amusement machines or similar devices.
Question 5 — Can a business that allows pool for hire and video gamesdesignate itself as a "family recreation center" and cater to minors byclosing at midnight, and can it designate itself as a "pool hall" bystaying open all night and not allowing customers under the age of 18?
It is my opinion that a business can, in effect, "designate itself" as either a "family recreation center" or as a "pool hall." Any business that allows pool for hire and video games and has all the characteristics of a "family recreation center" set forth in response to Question 1 is deemed to constitute a "family recreation center" within the meaning of A.C.A. § 5-27-226. This designation can, of course, be challenged on factual grounds, but if the business can establish factually that it has all of those characteristics, the designation will be deemed appropriate.
By the same token, a business that allows pool for hire and video games, stays open all night, and does not allow customers under the age of 18 will be deemed to constitute a "pool hall" within the meaning of the various statutes that refer to pool halls (e.g., A.C.A. § 5-27-224 and -225). This conclusion appears to be the implication of A.C.A. §5-27-226(f) (quoted in response to Question 1), which specifically distinguishes "family recreation centers" from "pool halls," thus indicating that any establishment that allows pool but does not exhibit the characteristics of a "family recreation center" as described in A.C.A. § 5-27-226, constitutes a "pool hall."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Minors who are 15 years old or older may enter places of recreation in which both pool and bowling are played if they can show written consent of their parents or guardians. A.C.A. § 5-26-225.